UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DARREN LITTLE | : | CIVIL ACTION NO. |
| Plaintiff | : | |
| v. | | |
| HEARTLAND DENTAL, LLC | : | |
| Defendant | : | FEBRUARY 16, 2018 |

## COMPLAINT AND JURY DEMAND

### (Title VII Race, ADEA and Various State Claims)

## INTRODUCTION

1. Plaintiff, Darren Little, brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e. Plaintiff also raises state claims, including violations of Article First, Section 1 and Article First, Section 20 as amended by Article V and Article XXI of the Amendments to the Connecticut Constitution, and various other state claims. The Plaintiff claims herein that the Defendant, Heartland Dental, LLC. terminated his unblemished employment as a Lead Dental Assistant based solely upon his race and Defendant's desire, as stated to the Plaintiff, to have a "non-urban" workplace in Glastonbury, CT. The Defendant thereafter

replaced the Plaintiff with a less qualified and younger white female based upon its pre-textual claim that it was "going in a new direction."

The Plaintiff contends that the actions of the Defendant were based improperly upon his race (African American) and age, all in violation of various state and federal statutes. The Defendant's actions negligently and intentionally caused the Plaintiff to suffer extreme emotional distress.

## **JURISDICTION**

2.  This Court has jurisdiction over the subject matter of this civil action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(3) and 5 U.S.C. § 7703(b)(2), The Rehabilitation Act, 29 U.S.C. § 701, et. seq. and under 28 U.S.C. §§ 1331 and 1343. The Plaintiff has received a Release of Jurisdiction from the State of Connecticut Commission on Human Rights and Opportunities dated November 22, 2017 (attached as Exhibit A hereto.), and has therefore exhausted his administrative remedies.

## **VENUE**

3.  Venue is proper in this judicial district under 42 U.S.C. § 2000e-5(f)(3).

**PARTIES**

4. The Plaintiff, Darren Little, an African American who is a citizen of the United States and a resident of the State of Connecticut. At all times relevant to this suit, until his termination on January 17, 2017, he was employed with Heartland Dental in its facility in Glastonbury, CT.

5. The Defendant, Heartland Dental, LLC located in Glastonbury, CT is part of a national conglomerate of dental offices that engage in a broad range of dental services throughout the United States.

**STATEMENT OF FACTS**

6. Plaintiff, Darren Little, an African American male was employed by the Defendant as Lead Dental Assistant from on or about March 16, 2016 through January 17, 2017, when he was wrongfully terminated.

7. Plaintiff's duties when he was initially hired included supervising the work of other Dental Assistants, which he performed exceptionally well.

8. Shortly after he was hired, Plaintiff observed that management personnel were leaving Heartland Dental for unknown reasons.

9. Plaintiff was lead to believe by management that if he put in the appropriate work effort, he would be promoted to more significant roles in

Heartland Dental, and in response to which he worked overtime and committed to do whatever Heartland Dental asked of him.

10. In a short period of time thereafter, the Defendant began assigning the Plaintiff job tasks that were below his job description, and which were normally performed by janitorial employees, such as cleaning out bathrooms and throwing out trash, to the point that he was referred to by his colleagues as "trash boy".

11. The Plaintiff was also called derogatory names in front of patients by his supervising Dentist despite his exemplary work performance.

12. The Defendant hired a white female dental assistant who was less experienced and younger than he, but who increasingly was given more work responsibilities than the Plaintiff.

13. The newly hired white female dental assistant with the Defendant's knowledge insisted on having the Plaintiff perform her job responsibilities while being given the Plaintiff's more supervisory responsibilities.

14. The Plaintiff was called into the office of the management of Heartland Dental and told that "we're going with a different look in the office; we don't want an urban look" and he was asked during that meeting

to resign, which he refused to do.

15. The Plaintiff was terminated within days of the aforementioned meeting.

## FEDERAL CLAIMS

**COUNT ONE (Racial Discrimination in Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et. seq.)**

16. Paragraphs one through fifteen are re-alleged and incorporated by reference herein.

17. The Defendant's conduct as alleged in detail herein, including the assignment of work duties well below his job description, constitutes discrimination based on race in violation of Title VII of the Civil Rights Act of 1964.

18. The stated reasons by the Defendant for terminating the Plaintiff, i.e., "we're going with a different look in the office" were not true reasons, but instead a pretext to cover up the Defendant's discriminatory animus.

19. The Defendant's off-handed remark that "we don't want an urban look" was clearly a reference to not wanting an African American Lead Dental Assistant.

**COUNT TWO (Age Discrimination in Violation of the Age Discrimination Act of 1975, 29 U.S.C. 6101, et. seq.)**

20. Paragraphs one through nineteen are re-alleged and incorporated by reference herein.

21. The Defendant's conduct as alleged above constitutes discrimination based upon age in violation of the Age Discrimination Act of 1975, 29 U.S.C. Sec. 6101 in that the Defendant hired a younger, less experienced white female the Defendant wrongfully intended to and eventually did replace the Plaintiff upon his termination.

## STATE CLAIMS

**COUNT THREE (Article First, Section 1 and Article First, Section 20, as Amended by Article V and Article XXI of the Amendments to the Connecticut Constitution.)**

22. Paragraphs one through twenty one are re-alleged and incorporated by reference herein.

23. The Defendant's conduct as alleged above constitutes discrimination based upon race in violation of Article First, Section 1 and Article First, Section 20, as amended by Article V and Article XXI of the Amendments to the Connecticut Constitution.

**COUNT FOUR (C.G.S. Sec. 46(a)-60(a)(1).)**

24.     Paragraphs one through twenty three are re-alleged and incorporated by reference herein.

25.     The Defendant's conduct as alleged above constitutes discrimination based upon race in violation of C.G.S. 46(a)-60(a)(1).

**COUNT FIVE (Intentional Infliction of Emotional Distress)**

26.     Paragraphs one through twenty five are re-alleged and incorporated by reference herein.

27.     The Defendant's conduct in assigning the Plaintiff demeaning work duties, intentionally calling him derogatory names and treating him in a demeaning manner before terminating him, was intended to and did cause the Plaintiff to suffer extreme emotional distress.

**COUNT SIX (Negligent Infliction of Emotional Distress)**

28.     Paragraphs one through twenty seven are re-alleged and incorporated by reference herein

29.     The Defendant's conduct in assigning the Plaintiff demeaning work duties, intentionally or negligently calling him derogatory names and

treating him in a demeaning manner before terminating him, constituted negligent infliction of extreme emotional distress.

**COUNT SEVEN (Violation of CUTPA, C.G.S. § 42-110, et. seq.)**

30. Paragraphs one through twenty nine are re-alleged and incorporated by reference herein.

31. The Defendant's conduct in assigning the Plaintiff demeaning work duties, name calling and replacing him by a younger, less experienced white female unfair and deceptive conduct in violation of Connecticut's Unfair Trade Practices Act, C.G.S. § 42-110, et. seq.

32. The Plaintiff has suffered a loss of income and extreme emotional distress as a result of the unfair and deceptive actions and conduct of the Defendant.

**COUNT EIGHT (Breach of Implied Covenant of Good Faith and Fair Dealing.)**

33. Paragraphs one through thirty two are re-alleged and incorporated by reference herein.

34. The Defendant through its actions with the Plaintiff breach the implied

covenant of good faith and fair dealing that is implied in all business and employment transactions.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff requests the following relief:

a. Compensatory damages;

b. Treble damages under C.G.S. § 42 – 110, et. seq.;

c. Damages for emotional suffering;

d. Punitive damages;

e. Attorney fees and costs;

f. Such other equitable relief as the Court deems appropriate.

PLAINTIFF, DARRIN LITTLE

\_\_\_\_/s/ ct08577
By: Ronald S. Johnson, Esq.
Federal Juris No: ct08577
Law Office of Ronald S. Johnson & Associates
100 Wells Street, Suite 2C
Hartford, CT 06103
Phone: 860-231-9757

Dated at Hartford, CT on February 16, 2018.